435 So.2d 1169 (1983)
Charles Edward RANSOM
v.
STATE of Mississippi.
No. 54345.
Supreme Court of Mississippi.
August 3, 1983.
Sidney J. Martin, Greenville, for appellant.
Bill Allain, Atty. Gen., by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., HAWKINS and DAN M. LEE, JJ., and SUGG, Retired Justice.
SUGG, Retired Justice, for the Court:[1]
Appellant was convicted in the Circuit Court of Washington County on August 20, 1982, for possession of more than one ounce of marijuana with the intent to deliver. He was sentenced to serve a term of eight years in the custody of the State Department of Corrections.
The principal question in this case was whether the court erred in overruling appellant's motion to dismiss with prejudice under our speedy trial statute, Section 99-17-1 Mississippi Code Annotated (1976 Supp.). In his motion appellant alleged he had been indicted on October 29, 1981, filed a motion for a speedy trial on November 13, 1981, arraigned on November 23, 1981, and tried on August 20, 1982. He claims no prejudice resulting from delaying his trial until August 20, but contends he was tried on the 271st day following his arraignment in violation of section 99-17-1.
Section 99-17-1 was enacted in 1976 and became effective July 1, 1976. It provides:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
The State argues that in computing the 270 days prescribed in section 99-17-1, the day of arraignment should be excluded. We agree because the statute provides that offenses must be tried not later than 270 days "after the accused has been arraigned." This interpretation is consistent with Section 1-3-67 Mississippi Code Annotated (1972) which states the rule for computation of time when a number of days is prescribed. Section 1-3-67 reads as follows:
When process shall be required to be served or notice given any number of days, the day of serving the process or of giving the notice shall be excluded and the day of appearance included; and in all other cases when any number of days shall be prescribed, one day shall be excluded and the other included. When the last day falls on Sunday, it shall be excluded; *1170 but in other cases Sunday shall be reckoned in the computation of time.
Applying the provisions of sections 1-3-67 and 99-17-1, we hold that the date of arraignment, November 23, 1981, should be excluded and the date of trial, August 20, 1982, should be included in determining whether appellant was tried more than 270 days after his arraignment. Based on our interpretation of the statute, the following table demonstrates that appellant was tried on the 270th day after his arraignment.

MONTH DAYS
November, 1981 7[2]
December, 1981 31
January, 1982 31
February, 1982 28
March, 1982 31
April, 1982 30
May, 1982 31
June, 1982 30
July, 1982 31
August, 1982 20[3]
 ___
 270

We hold that appellant was tried on the 270th day following his arraignment which is in accord with the provisions of section 99-17-1 and 1-3-67; therefore, the trial court properly overruled his motion to dismiss.
Appellant also assigns as error that he was entitled to a directed verdict and the verdict of the jury was contrary to the overwhelming weight of the evidence.
We have carefully considered the record and hold that the evidence offered on behalf of the State was sufficient to make a jury question and the verdict was not contrary to the overwhelming weight of the evidence.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Sitting pursuant to Mississippi Code Annotated Section 9-3-6 (Supp. 1982). The opinion is adopted as the opinion of the Court.
[2] Seven days remained in November following the arraignment of appellant.
[3] August 20 was the date of appellant's trial.